IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BESHAN RANDIKA KULAPALA,                    3:15-cv-01890-BR

       Petitioner,                          ORDER

v.

GEETHANI MAYANTHI DELGODA,

       Respondent.

BROWN, Judge.

    This matter comes before the Court on Petitioner Beshan Randika Kulapala's Motion (#49) for Attorney Fees and Cost Bill in which Petitioner seeks a total of $93,762.50 in attorneys' fees and $22,545.26 in costs pursuant to 22 U.S.C. § 9007(b)(3). For the reasons that follow, the Court **GRANTS** Petitioner's Motion and **AWARDS** to Petitioner attorneys' fees in the amount of $93,762.50 and costs in the amount of $22,545.26.

<u>DISCUSSION</u>

    Section 9007(b)(3) provides:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred

1 - ORDER

> by or on behalf of the petitioner, including court
> costs, legal fees, foster home or other care during the
> course of proceedings in the action, and transportation
> costs related to the return of the child, unless the
> respondent establishes that such order would be clearly
> inappropriate.

The parties agree Petitioner is entitled to attorneys' fees and costs pursuant to § 9007(b)(3). Respondent, however, objects to the attorneys' fees and costs sought by Petitioner on the following grounds:

    1.   Petitioner improperly seeks to include in his award of attorneys' fees compensation for work performed by two non-attorneys (*i.e.*, a legal assistant and a law clerk);

    2.   Petitioner's hours spent on this matter are not reasonable because Petitioner engaged in "block billing";

    3.   The 14 hours that Petitioner spent drafting initial pleadings are unreasonable;

    4.   Petitioner's fees billed on October 20, 2015, and October 21, 2015, regarding "status of service of process" are not reasonable;

    5.   The 31 hours of attorney time spent preparing Petitioner's Legal Memorandum (#18) Supporting Return of Children Pursuant to The Hague Abduction Convention are unreasonable; and

    6.   The $15,473.96 in expert-witness costs for a legal expert in Sri Lanka are unreasonable.

I.  **Compensation for Hours Expended by the Law Clerk and Legal Assistant**

"A 'reasonable attorney's fee provided for by statute should compensate the work of paralegals, as well as that of attorneys.'"  *Trustees of Const. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256 (9th Cir. 2006)(quoting *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989)). Accordingly, attorneys' fee awards permitted by statute frequently compensate for work performed by law clerks and legal assistants.  *Trustees of Cont. Indus. and Laborers Health and Welfare Trust*, 460 F.3d at 1256-57.  The Court notes the use of nonattorney staff like legal assistants and law clerks for work that they are qualified to perform and that would otherwise have to be performed by an attorney promotes efficiency and reduces the total amount of attorneys' fees.

On this record, therefore, the Court overrules Respondent's objection regarding compensation for the law clerk and legal assistant employed by Petitioner's counsel.

II.  **Block Billing**

Respondent is correct that some of the billing entries contained in Petitioner's Motion employ the disfavored block-billing method.  After reviewing Petitioner's Motion, the Court finds a modest portion of the numerous billing entries contain block billing, and the majority of those instances of block

billing are relatively minor entries.  Although Petitioner's counsel frequently listed multiple activities under one billing entry, often those activities were part of a single task performed or service provided.  Such entries are not block billing, but rather are detailed descriptions of the task completed and/or service provided.

The Court, therefore, declines to reduce Petitioner's award of attorneys' fees on this basis because the extent of block billing in Petitioner's billing entries is modest.  The Court, nonetheless, reminds Petitioner's counsel to take care to avoid including multiple, distinct tasks in a single billing entry.

**III.  Drafting of Initial Pleadings**

The Court concludes 14 hours of attorney time (split between Plaintiff's primary counsel and associate counsel) is a reasonable amount of time to prepare the initial pleadings in this matter, which consisted of seven separate documents filed on October 7, 2015.  Accordingly, on this record the Court overrules Respondent's objection regarding Petitioner's hours spent drafting the initial pleadings.

**IV.  Billing Entries Regarding "Status of Service of Process"**

The Court concludes the attorney and legal assistant time billed regarding the service of process is reasonable.  The Court, therefore, overrules Respondent's objection regarding service-related billing entries.

4 - ORDER

V. **Billing Entries Regarding Preparation of Petitioner's Legal Memorandum (#18) Supporting Return of Children Pursuant to The Hague Abduction Convention**

The Court concludes the approximately 31 hours of attorney time spent completing Petitioner's Legal Memorandum (#18) Supporting Return of Children Pursuant to The Hague Abduction Convention is reasonable.  Petitioner's 21-page Memorandum, which was filed in anticipation of the first major hearing in this case, provided a thorough analysis of the unusual legal issues in this case that was helpful to the Court.  Although 31 hours is more than would be reasonable for many 21-page memoranda, it is a reasonable amount of time in this instance in light of the extensive legal research that went into the drafting of the memorandum and the thorough legal analysis that resulted.

On this record, therefore, the Court overrules Respondent's objection regarding the preparation of Petitioner's Legal Memorandum (#18) Supporting Return of Children Pursuant to The Hague Abduction Convention.

VI. **Cost of Sri Lankan Legal Expert**

Petitioner contracted with John Wilson, an attorney in Sri Lanka, and his associates to provide legal assistance and expert testimony regarding legal matters in Sri Lanka.[1]  After reviewing

---

[1] The primary issue for which Petitioner contracted with Wilson was uncontested at the final hearing on January 5, 2016, because Respondent withdrew the defense to which Mr. Wilson's testimony was relevant.  All of Petitioner's expenses related to Wilson were incurred at or before that time.

the billing statements and curriculum vitae of Wilson and his associate, Ruwani Dantanarayana, the Court concludes the $15,473.96 that Petitioner spent is reasonable.

Accordingly, on this record the Court overrules Respondent's objection to the $15,473.96 in expert-witness fees that Petitioner incurred by contracting with Wilson and his associates.

### **CONCLUSION**

For these reasons, the Court **GRANTS** Petitioner's Motion (#49) for Attorney Fees and Cost Bill and **AWARDS** to Petitioner attorneys' fees in the amount of **$93,762.50** and costs in the amount of **$22,545.26**.

IT IS SO ORDERED.

DATED this 21st day of April, 2016.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

6 - ORDER